## GOODBEAR *v.* GARY, Executor.

Where a succession is small, and much in debt, it is the duty of the executor to provoke a sale of the property as soon as the inventory is made; and where, in such a case, more than a year is suffered to elapse before a sale is made, any expense occasioned by the delay, will be charged to the executor personally.

APPEAL from the Court of Probates of Lafayett, *Olivier,* J.
The judgment of the court was pronounced by

ROST, J. The plaintiff claims from the present executor of *Etienne Lefèvre* the sum of $150, for work and labor done, and services rendered, by him and his wife to the deceased in his life time, and also three dollars per day for three hundred and seventy-three days, during which time he had charge of the house and cattle of the deceased, with the assent of the executor then in charge of the succession. The defendant pleaded the general issue, and prayed for judgment in reconvention against the plaintiff for $290 84, being the amount of his purchases at the sale of the succession. The Court of Probates gave judgment in favor of the plaintiff, for $429 75, with interest, and a privilege for a part of the sum. From that judgment the defendant has appealed. Supposing the court below to have allowed the claim of $150, and to have deducted from the amount considered due to the plaintiff his indebtedness to the succession, the allowance for services as guardian must have been $570 59 ; and his counsel now calls upon us to increase that sum to $746, which he says his witnesses have proved to be due.

We are of opinion that the claim of the plaintiff, as guardian, is not a proper charge against the succession; and that, if he is entitled to any compensation,

he must claim it from the executor who employed him. As a general rule, the the care of succession property devolves upon the legal representative of the succession ; and whenever he employs third persons to assist him in the administration, he does so at his risk. When the property is large, and situated in different parishes, or when it requires a constant and particular kind of care, as is the case with vessels afloat, the court seized with the succession may allow a reasonable sum for the purpose of paying the persons employed by him in such cases. The legislature has never fixed what the compensation should be, but certain rates have become customary and usual, and are allowed upon proof of the services and of the circumstances which make the allowance proper. That proof is wanting in this case. The succession was of little value ; the property composing it, appears to have all been in the same place ; and it was sold for $3 619 only. There was a large amount of debts to pay, and it was therefore the duty of the executor to provoke the sale as soon as the inventory was made. The fact that more than a year elapsed before it took place, has not been justified, and the expenses occasioned by that delay cannot be charged to the succession.

The plaintiff lived, with his wife, at the house of the deceased, and was authorized by the executor to continue to occupy it till the sale. He worked at his trade there, for his own private emolument. Any tenant to whom the house might have been rented, would have taken care of it as he did ; and the cattle and horses, for tending which he claims $1119, were sold at the probate sale for $140.

The plaintiff owes the succession $290 84. Upon this we will allow him a credit of $150, because the evidence upon which that claim rests was admitted without opposition in the court below. For the difference there must be judgment in reconvention against him.

It is therefore ordered that, the judgment be reversed ; and that there be judgment in reconvention against the plaintiff for the sum of $140 84, with costs in both courts.

*Crow, Porter* and *W. L. Brent,* for the plaintiff. *Mouton* and *Simon,* for the appellant.